IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| REAL PROPERTY AND | ) Case No. 1:20-cv-613 |
| IMPROVEMENTS KNOWN AS | ) |
| 35 QUEENSLAND LANE NORTH, | ) |
| PLYMOUTH, MINNESOTA 55447, | ) |
| | ) |
| Defendant in rem. | ) |

## JOINT MOTION TO STAY PROCEEDINGS

Come now the parties, through respective counsel, and move this Honorable Court to stay the civil forfeiture proceedings in this case, pursuant to 18 U.S.C. § 981(g)(1) & (2), for a period of six months. These provisions of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), are intended to give both the government and the claimant in a civil forfeiture case the right to seek a stay of the forfeiture proceeding in order to protect a vital interest in a related criminal case.

I. Government's Request

Title 18, United States Code, Section 981(g)(1) provides the basis for a stay of a civil forfeiture proceeding when the court determines that civil discovery will adversely affect the ability of the government to prosecute a criminal case or investigate criminal activity. That statute provides, in part, that:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the

> ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1).

The government seeks a stay in this civil forfeiture proceeding because it has an open criminal investigation relating to the subject matter of the civil forfeiture complaint and civil discovery will adversely affect the ability of the government to conduct the related criminal investigation. Section 981(g)(4) defines "related criminal investigation" as an "investigation in progress at the time at which the request for the stay" is made. Section 981(g)(4) further provides that in determining whether an investigation is "related" to a civil forfeiture proceeding, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." See, e.g., United States v. Assorted Firearms, Motorcycles, and Other Personal Property, 677 F.Supp.2d 1214, 1216 (C.D.Cal. 2009) (granting stay over the objection of claimants who were not named as defendants in related criminal case; given overlapping facts and relationship between claimants and defendants, civil discovery would likely affect the government's ability to prosecute). In this case, the criminal investigation arises from substantially the same facts and circumstances as this civil forfeiture complaint, and thus will involve the same parties and witnesses.

The government has the burden of showing that there will be an impact on a criminal case and can satisfy its burden by showing that civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding". United States v. One Assortment of 73 Firearms, 352 F.Supp.2d 2, 4 (D. Me. 2005). That would certainly be the case here, since during civil

discovery the government likely will be required to reveal witness statements and expose criminal case witnesses to civil depositions, resulting in the premature disclosure of the criminal case. The expansion of the stay provision to criminal investigations "would seem to recognize that the need for confidentiality is as great if not greater during the investigatory stage of a criminal proceeding when much of the activity of law enforcement and the Courts is conducted in a confidential setting." United States v. All Funds Deposited in Account No. 200008524845, 162 F.Supp.2d 1325, 1330 (D. Wyo. 2001). Specifically, in this case there are a number of witnesses cooperating with the investigation whose identities have not yet been revealed to the targets or generally. See, e.g., United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, 456 F.Supp.2d 64, 64-65 (D.D.C. 2006) (stay must be granted where claimant's discovery requests could compromise existing confidential informants and/or interfere with the government's ability to obtain confidential information from others, or if it would burden the law enforcement officials conducted the related investigation); United States v. All Funds on Deposit in Business Marketing Account, 319 F.Supp.2d 290, 294 (E.D.N.Y. 2004) (once the Court is satisfied that routine civil discovery would compromise the identities of confidential informants, stay of the civil case is mandatory under 18 U.S.C. § 981(g)).

II. Claimant's Request

Section 981(g)(2) provides the authority for a stay upon the motion of a claimant. That code section provides for a stay where the Court determines that:

(A) the claimant is the subject of a related criminal investigation or case;

(B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and

> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2).

Claimant Casey Kirschner acknowledges that he is the subject of a criminal investigation being carried out by the Federal Bureau of Investigation in the Alexandria Division of the Eastern District of Virginia. Even prior to the filing of the civil complaint in this case, Mr. Kirschner had already retained criminal defense counsel in anticipation of the aforementioned criminal investigation. Mr. Kirschner has filed a claim in this case and his name is on the title to the defendant real property with no indication that he is a mere nominee. See United States v. Phillips, 883 F.3d 399, 404 (4th Cir. 2018) (claimant need only have a colorable ownership or possessory interest to establish standing; claimant not obligated to prove ownership); United States v. 14280 NW Tradewinds Street, No. 00-1506, 2001 WL 34050118, at *2 (D.Or. May 17, 2001) (criminal defendant, upon filing a claim, had standing to file a motion to stay civil forfeiture proceedings even though he did not file an answer in the civil case). Finally, the government will call on Mr. Kirschner to produce discovery, to include documents and deposition testimony, in this civil forfeiture case. Producing that discovery will burden Mr. Kirschner's Fifth Amendment right against self-incrimination. One Assortment of 73 Firearms, 352 F.Supp.2d at 4 (target of related criminal case who has standing to contest civil forfeiture entitled to stay; continuation of the civil forfeiture case would burden his right against self-incrimination).

III. <u>Conclusion</u>

Based on the foregoing, the parties respectfully request that the Court enter an order staying this civil forfeiture case for a period of six months from the date of the Court's stay order.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____/s/_____
Annie Zanobini
Assistant United States Attorney
Attorney for the United States
2100 Jamison Avenue
Alexandria, Virginia 22314
Office Number: (703) 299-3903
Facsimile Number: (703) 229-3982
Email Address: annie.zanobini2@usdoj.gov


\_\_\_/s/ Kevin Hudson_____
Kevin Hudson
Assistant United States Attorney
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: kevin.hudson@usdoj.gov

CASEY KIRSCHNER
CLAIMANT

By:           /s/[1]
        Scott J. Pivnick
        Edward T. Kang
        (Pro hac vice application forthcoming)
        Alston & Bird LLP
        950 F Street. NW
        Washington, DC 20004
        Telephone: (202) 239-3300
        Facsimile: (202) 239-3333
        scott.pivnick@alston.com
        edward.kang@alston.com

---

[1] Signed with permission given by Edward Kang, counsel for the claimant, via e-mail on July 16, 2020.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of the filing (NEF) to all counsel of record.

By:     /s/ Kevin Hudson
    Kevin Hudson
    Assistant United States Attorney
    Virginia State Bar No. 81420
    Attorney for the United States
    721 Lakefront Commons, Suite 300
    Newport News, VA 23606
    Office Number: (757) 591-4000
    Facsimile Number: (757) 591-0866
    Email Address: kevin.hudson@usdoj.gov