**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>REAL PROPERTY AND IMPROVEMENTS KNOWN AS 35 QUEENSLAND LANE NORTH, PLYMOUTH, MINNESOTA 55477,<br><br>*Defendant in rem.* | )<br>)<br>)<br>)<br>)  Case No. 1:20-cv-613<br>)  Hon. Liam O'Grady<br>)<br>)<br>)<br>) |

**AGREED INTERLOCUTORY SALE ORDER**

The Court, having considered the joint motion of the parties for an interlocutory sale of the defendant property, and for good cause shown,

**ORDERS, ADJUDGES, AND DECREES** that:

1. The Joint Motion for Interlocutory Sale of Property is granted.

2. The defendant property, real property and improvements located at 35 Queensland Lane North, Plymouth, Minnesota 55477, will be sold pursuant to the terms set forth in the Joint Motion for Interlocutory Sale of Property as follows:

    a. Casey Kirschner will sell the property in a commercially reasonable manner, through the hiring of a Realtor who shall list the property for sale on the Multiple Listing Service. Casey Kirschner must deal with said Realtor in an arms-length transaction. Any commission or fees/costs of any sort to be paid to the aforementioned Realtor cannot exceed the average such commission/fee/cost for such services in the Plymouth, Minnesota area.

    b. Casey Kirschner agrees to provide the United States with reasonable access to the defendant property to conduct any inspections or appraisals. Casey Kirschner

further agrees that he and his agents will cooperate fully with the United States for the purposes of the inspections and appraisals, and agrees to allow the appraiser and representatives of the United States full access to the defendant property as the United States reasonably requests.

c. Casey Kirschner may not accept any offer to purchase the defendant property without first obtaining clearance from the United States. The United States shall not unreasonably withhold such clearance. The United States shall not be considered to have unreasonably withheld such clearance where Casey Kirschner does not first allow the United States to review any offer to purchase. The materials provided to the United States for such a review must include the proposed contract, including any price terms, costs, and concessions from the seller. The procedures outlined herein are meant to ensure that the defendant property is sold for at least fair market value.

d. The defendant property shall not be sold for other than a cash price.

e. Any sale of the defendant property must be made in an arms-length transaction and must not be made to any family or friends.

f. Upon the sale of the defendant property, the net proceeds of the sale are to be deposited in an interest-bearing suspense account with the U.S. Marshals Service. The Marshals Service will deposit the net proceeds of the sale in this suspense account pending any order from the Court on how to proceed. The "net proceeds of the sale" are the proceeds after paying the following: (1) any Realtor's commission; (2) any amounts due the holder of any other valid lien which was recorded prior to the time the United States' lis pendens was recorded in

2

connection with this case and any such liens shall be paid in accordance with their legal priority; (3) real estate taxes due and owing; (4) insurance costs, if any; (5) any costs incurred in connection with the forfeiture of the defendant property, including any costs associated with inspection and appraisal of the defendant property; and (6) other reasonable and customary expenses associated with the sale, if any, including such expenses as escrow fees, document recording fees and title fees.

g. Casey Kirschner shall cooperate and assist in all respects with the listing and sale of the defendant property to the extent necessary to list the defendant property and complete its sale.

h. The parties agree that the proceeds from the sale of the defendant property shall serve as a substitute res for the defendant property without any need to amend the Complaint, as contemplated by Rule G(7)(b)(iv). All parties shall continue to have the same rights vis-à-vis the substitute res as they do the defendant property.

i. In furtherance of this interlocutory sale, the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the defendant property.

j. Until such time as the interlocutory sale is completed and the deed transferring the property to the buyer is recorded, Casey Kirschner shall bear any risk of loss with respect to the defendant property. Further, Casey Kirschner shall maintain reasonable insurance coverage on the defendant property until the interlocutory sale is completed and the deed transferring the property to the buyer is recorded.

3.  Should the defendant property sell for more than the claimant paid for it, the claimant

    may file a motion to have the Court decide whether the excess proceeds can be used to

    fund defendant's attorney's fees for his counsel of choice. The parties may litigate this

    discrete issue when it ripens.

It is **SO ORDERED**.

October 26, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge

4