IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,                )
                                         )
                                         )
v.                                       )
                                         )
REAL PROPERTY AND                        )        Case No. 1:20-cv-613
IMPROVEMENTS KNOWN AS                    )
35 QUEENSLAND LANE NORTH,                )
PLYMOUTH, MINNESOTA 55447,               )
                                         )
          Defendant in rem.              )

## SECOND JOINT MOTION TO STAY PROCEEDINGS

Come now the parties, the government by counsel and the claimant pro se, and move this

Honorable Court to stay the civil forfeiture proceedings in this case, pursuant to 18 U.S.C. §

981(g)(1) & (2), for a second period of six months.  These provisions of the Civil Asset

Forfeiture Reform Act of 2000 ("CAFRA"), are intended to give both the government and the

claimant in a civil forfeiture case the right to seek a stay of the forfeiture proceeding in order to

protect a vital interest in a related criminal case.  The Court previously granted a similar stay

motion by the parties on July 21, 2020 (Document 7).  That stay elapsed on January 21, 2021.

As explained herein, however, the need for the stay continues.

I. Government's Request

Title 18, United States Code, Section 981(g)(1) provides the basis for a stay of a civil

forfeiture proceeding when the court determines that civil discovery will adversely affect the

ability of the government to prosecute a criminal case or investigate criminal activity.  That

statute provides, in part, that:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1).

The government seeks a stay in this civil forfeiture proceeding because it has an open criminal investigation relating to the subject matter of the civil forfeiture complaint and civil discovery will adversely affect the ability of the government to conduct the related criminal investigation. Section 981(g)(4) defines "related criminal investigation" as an "investigation in progress at the time at which the request for the stay" is made. Section 981(g)(4) further provides that in determining whether an investigation is "related" to a civil forfeiture proceeding, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." See, e.g., United States v. Assorted Firearms, Motorcycles, and Other Personal Property, 677 F.Supp.2d 1214, 1216 (C.D.Cal. 2009) (granting stay over the objection of claimants who were not named as defendants in related criminal case; given overlapping facts and relationship between claimants and defendants, civil discovery would likely affect the government's ability to prosecute). In this case, the criminal investigation arises from substantially the same facts and circumstances as this civil forfeiture complaint, and thus will involve the same parties and witnesses.

The government has the burden of showing that there will be an impact on a criminal case and can satisfy its burden by showing that civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding". United States v. One Assortment of 73 Firearms, 352

F.Supp.2d 2, 4 (D.Me. 2005).  That prerequisite is satisfied here, since during civil discovery the

government cannot envision a way that it would not be required to reveal witness statements and

expose criminal case witnesses to civil depositions, resulting in the premature disclosure of the

criminal case and the government's criminal trial strategy in far more detail than would be

permitted in criminal discovery.  United States v. $278,780.80 in Funds, No. 11 Civ. 00555,

2012 WL 4747209, at *3 (S.D.N.Y. Oct. 4, 2012) ("The law clearly provides for much more

limited discovery in the criminal context than the civil, and for that reason, stays of civil

forfeiture actions are routinely granted during the pendency of related criminal proceedings.").

Further, the majority of the evidence gathered to this point in the criminal case has been obtained

through a protected process.[1]  Even those materials not obtained through the aforementioned

protected process would, in large part at least, be subject to such privileges as the informer's

privilege and the law enforcement privilege at this time due to the stage of the criminal

investigation.  See, e.g., United States v. Matish, 193 F.Supp.3d 585, 597 (E.D.Va. 2016) (within

the ambit of the law enforcement privilege is information pertaining to law enforcement

techniques and procedures, information that would undermine the confidentiality of sources,

information that would endanger witness and law enforcement personnel or the privacy of

individuals involved in an investigation, and information that would otherwise interfere with an

investigation).

---

[1] A fulsome outline on the development of this criminal case is outlined in the sealed declaration
of Federal Bureau of Investigation Special Agent Randy Combs in the government's motion to
seal in closely related case 1:20-cv-1343.  See, e.g., United States v. Approximately $144,001 in
U.S. Currency, No. C 09-04182, 2010 WL 1838660, at *1 (N.D.Cal. May 3, 2010) (noting that
18 U.S.C. § 981(g)(5) expressly permits the government to file evidence in support of a motion
to stay under seal and declining to revisit the Court's prior ruling ordering the materials sealed).
S/A Combs's declaration is Document no. 22 in that case.

The expansion of the stay provision to criminal investigations "would seem to recognize that the need for confidentiality is as great if not greater during the investigatory stage of a criminal proceeding when much of the activity of law enforcement and the Courts is conducted in a confidential setting." United States v. All Funds Deposited in Account No. 200008524845, 162 F.Supp.2d 1325, 1330 (D.Wyo. 2001). Specifically, in this case there are a number of witnesses cooperating with the investigation whose identities have not yet been revealed to the targets or generally. See, e.g., United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, 456 F.Supp.2d 64, 64-65 (D.D.C. 2006) (stay must be granted where claimant's discovery requests could compromise existing confidential informants and/or interfere with the government's ability to obtain confidential information from others, or if it would burden the law enforcement officials conducted the related investigation); United States v. All Funds on Deposit in Business Marketing Account, 319 F.Supp.2d 290, 294 (E.D.N.Y. 2004) (once the Court is satisfied that routine civil discovery would compromise the identities of confidential informants, stay of the civil case is mandatory under 18 U.S.C. § 981(g)). There are also subjects of the investigation who do not appear to know at this point that they are, in fact, subjects. The inevitable revealing of those subjects in the course of civil discovery would have a severe negative impact on the ongoing criminal investigation.

The government adds that, pursuant to page seven of General Order 2021-01, all grand jury proceedings are suspended through February 28, 2021. Exceptions to General Order 2021-01's proviso are only to be made by the Chief U.S. District Judge and will only be made in "dire circumstances." Further, General Order 2021-01 observes that "while a formal suspension of grand jury proceedings has not recently been in place, **grand juries have not been meeting** in

this District since criminal jury trials were suspended in mid-November in light of the materially

worsening state of the COVID-19 pandemic in our District" (emphasis in the original order).

The coronavirus pandemic's effect on grand jury logistics has impacted the government's ability

to move criminal investigations and cases forward.

II.  Claimant's Request

Section 981(g)(2) provides the authority for a stay upon the motion of a claimant.  That

code section provides for a stay where the Court determines that:

> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding;
> and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant
> against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2).

Claimant Casey Kirschner acknowledges that he is the subject of a criminal investigation

being carried out by the Federal Bureau of Investigation in the Alexandria Division of the

Eastern District of Virginia.  Even prior to the filing of the civil complaint in this case, Mr.

Kirschner had already retained criminal defense counsel in anticipation of the aforementioned

criminal investigation.  Presently, Mr. Kirschner is represented by the Public Defender with

respect to the ongoing criminal investigation.  Mr. Kirschner has filed a claim in this case and his

name is on the title to the defendant real property with no indication that he is a mere nominee.

See United States v. Phillips, 883 F.3d 399, 404 (4th Cir. 2018) (claimant need only have a

colorable ownership or possessory interest to establish standing; claimant not obligated to prove

ownership); United States v. 14280 NW Tradewinds Street, No. 00-1506, 2001 WL 34050118, at

*2 (D.Or. May 17, 2001) (criminal defendant, upon filing a claim, had standing to file a motion to stay civil forfeiture proceedings even though he did not file an answer in the civil case). Finally, the government will call on Mr. Kirschner to produce discovery, to include documents and deposition testimony, in this civil forfeiture case. Producing that discovery will burden Mr. Kirschner's Fifth Amendment right against self-incrimination. One Assortment of 73 Firearms, 352 F.Supp.2d at 4 (target of related criminal case who has standing to contest civil forfeiture entitled to stay; continuation of the civil forfeiture case would burden his right against self-incrimination). Mr. Kirschner very recently joined the government in filing a motion to stay in case no. 1:20-cv-1343, which is closely related to this case.

III. Conclusion

Based on the foregoing, the parties respectfully request that the Court enter an order staying this civil forfeiture case for an additional period of six months from the date of the Court's stay order. The parties waive any hearing on this motion and agree that the matter may be decided on the pleadings.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____/s/_____
Annie Zanobini
Assistant United States Attorney
Attorney for the United States
2100 Jamison Avenue
Alexandria, Virginia 22314
Office Number: (703) 299-3903
Facsimile Number: (703) 229-3982
Email Address: annie.zanobini2@usdoj.gov

/s/ Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address:  kevin.hudson@usdoj.gov


CASEY KIRSCHNER
CLAIMANT

By:      _____
         Casey Kirschner, Pro Se

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of February 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of the filing (NEF) to all counsel of record.  I have also mailed a true copy of this motion to the following:

Casey Kirschner
635 Alvarado Lane North
Plymouth, MN 55447

By:      /s/ Kevin Hudson
         Kevin Hudson
         Assistant United States Attorney
         Virginia State Bar No. 81420
         Attorney for the United States
         721 Lakefront Commons, Suite 300
         Newport News, VA 23606
         Office Number: (757) 591-4000
         Facsimile Number: (757) 591-0866
         Email Address:  kevin.hudson@usdoj.gov