IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| REAL PROPERTY AND ) | Civil No. 1:20-cv-613 |
| IMPROVEMENTS KNOWN AS ) | |
| 35 QUEENSLAND LANE NORTH, ) | |
| PLYMOUTH, MINNESOTA 55477, ) | |
| ) | |
| Defendant in rem. ) | |

**ORDER AMENDING AGREED INTERLOCUTORY SALE ORDER**

Before the Court is the parties' joint motion to modify the interlocutory sale order previously entered on October 20, 2020. For good cause shown, the Court GRANTS the motion to modify the October 20, 2020 interlocutory sale order as follows:

1. In order to complete the sale of the defendant property, the government may authorize claimant Casey Kirschner to deed the defendant property to KRJ Homes, Inc. and record that deed. The defendant property having a legal description of: Commencing at the Northeast corner of Lot 9, Wayzata Farmsteads; thence Southwesterly along the Northerly Line of said Lot to a point 329.0 feet Northeasterly from the Northwesterly corner of said Lot; thence deflecting to the left at an angle of 87 degrees 42 minutes, a distance of 116.0 feet; thence Northeasterly parallel with said North line of said Lot 9, 336.45 feet to Easterly line of said Lot; thence Northerly along said Easterly line of said Lot 9, a distance of 118 feet to the point of beginning, Hennepin County, Minnesota. Abstract Property.

2. When Casey Kirschner deeds the defendant property to KRJ Homes, KRJ Homes shall likewise execute a deed back to Casey Kirschner, which deed back shall be held in

escrow by counsel for KRJ Homes. KRJ Homes shall record the deed back upon the government's request.

3. Once a buyer for the defendant property is found, Casey Kirschner and KRJ Homes shall clear the terms and price of the sale with the government. At that time, Casey Kirschner, KRJ Homes, and the government shall execute a document setting forth the minimum net sale proceeds that will be paid into the U.S. Marshals Service suspense account, as contemplated by paragraph (2)(f) of the October 20, 2020 interlocutory sale order, and remain subject to this litigation between the government and Casey Kirschner. That document shall not be filed unless the Court so instructs. The amount set forth in the aforementioned document shall not include sums owed to KRJ Homes by virtue of its mechanic's lien on the defendant property, which may be paid directly to KRJ Homes at closing in full satisfaction of any and all claims and liens KRJ Homes may have to the defendant property.

4. KRJ Homes shall clear any further work it intends to do on the defendant property with the government before proceeding.

5. All provisions of the October 20, 2020 interlocutory sale order not inconsistent with the above modifications remain in full force and effect. To the extent that the modifications above place KRJ Homes in Casey Kirschner's position with respect to completing the sale of the defendant property, the October 20, 2020 interlocutory sale order shall also apply to KRJ Homes.

Dated this 10th day of May 2021.

UNITED STATES DISTRICT JUDGE
Liam O'Grady
United States District Judge

We ask for this:

Raj Parekh
Acting United States Attorney

By:    /s/ Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: kevin.hudson@usdoj.gov


Casey Kirschner
Claimant

KRJ Homes, Inc.

By:
Jack Pierce
Counsel for KRJ Homes, Inc.
Bernick Lifson, P.A.
600 Highway 169 South, Suite 1700
Minneapolis, Minnesota 55426
Office Number: (763) 546-1200
Jpierce@bernicklifson.com