IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| REAL PROPERTY AND ) | Case No. 1:20-cv-613 |
| IMPROVEMENTS KNOWN AS ) | |
| 35 QUEENSLAND LANE NORTH, ) | |
| PLYMOUTH, MINNESOTA 55447, ) | |
| ) | |
| Defendant in rem. ) | |

## THIRD JOINT MOTION TO STAY PROCEEDINGS

Come now the parties, the government by counsel and the claimant pro se, and move this Honorable Court to stay the civil forfeiture proceedings in this case, pursuant to 18 U.S.C. § 981(g)(1) & (2), for a third period of six months. These provisions of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), are intended to give both the government and the claimant in a civil forfeiture case the right to seek a stay of the forfeiture proceeding in order to protect a vital interest in a related criminal case. The Court previously granted a similar stay motion by the parties on July 21, 2020 and February 16, 2021 (Documents 7 and 13). That February stay elapsed on August 16, 2021. As explained below, the need for the stay continues.

I. Government's Request

Title 18, United States Code, Section 981(g)(1) provides the basis for a stay of a civil forfeiture proceeding when the court determines that civil discovery will adversely affect the ability of the government to prosecute a criminal case or investigate criminal activity. That statute provides, in part, that:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1).

The government seeks a stay in this civil forfeiture proceeding because it has an open criminal investigation relating to the subject matter of the civil forfeiture complaint and civil discovery will adversely affect the ability of the government to conduct the related criminal investigation. Section 981(g)(4) defines "related criminal investigation" as an "investigation in progress at the time at which the request for the stay" is made. Section 981(g)(4) further provides that in determining whether an investigation is "related" to a civil forfeiture proceeding, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." See, e.g., United States v. Assorted Firearms, Motorcycles, and Other Personal Property, 677 F.Supp.2d 1214, 1216 (C.D.Cal. 2009) (granting stay over the objection of claimants who were not named as defendants in related criminal case; given overlapping facts and relationship between claimants and defendants, civil discovery would likely affect the government's ability to prosecute). In this case, the criminal investigation arises from substantially the same facts and circumstances as this civil forfeiture complaint, and thus will involve the same parties and witnesses.

The government has the burden of showing that there will be an impact on a criminal case and can satisfy its burden by showing that civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding". United States v. One Assortment of 73 Firearms, 352

F.Supp.2d 2, 4 (D.Me. 2005). That prerequisite is satisfied here, since during civil discovery the government cannot envision a way that it would not be required to reveal witness statements and expose criminal case witnesses to civil depositions, resulting in the premature disclosure of the criminal case and the government's criminal trial strategy in far more detail than would be permitted in criminal discovery. United States v. $278,780.80 in Funds, No. 11 Civ. 00555, 2012 WL 4747209, at *3 (S.D.N.Y. Oct. 4, 2012) ("The law clearly provides for much more limited discovery in the criminal context than the civil, and for that reason, stays of civil forfeiture actions are routinely granted during the pendency of related criminal proceedings."). Further, the majority of the evidence gathered to this point in the criminal case has been obtained through a protected process. Even those materials not obtained through the aforementioned protected process would, in large part at least, be subject to such privileges as the informer's privilege and the law enforcement privilege at this time due to the stage of the criminal investigation. See, e.g., United States v. Matish, 193 F.Supp.3d 585, 597 (E.D.Va. 2016) (within the ambit of the law enforcement privilege is information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel or the privacy of individuals involved in an investigation, and information that would otherwise interfere with an investigation).

A fulsome outline on the development of this criminal case is outlined in the sealed declaration of Federal Bureau of Investigation Special Agent Randy Combs in the government's motion to seal in closely related case 1:20-cv-1343. See, e.g., United States v. Approximately $144,001 in U.S. Currency, No. C 09-04182, 2010 WL 1838660, at *1 (N.D.Cal. May 3, 2010)

(noting that 18 U.S.C. § 981(g)(5) expressly permits the government to file evidence in support of a motion to stay under seal and declining to revisit the Court's prior ruling ordering the materials sealed). S/A Combs's declaration is Document no. 22 in that case. The government's periodic sealed status reports, on file in case 1:20-cv-1343 as Documents 41 and 44, likewise chronicle the development of the investigation from that point. The last such periodic report was filed on July 2, 2021 (Document 44 in case 1:20-cv-1343). Page four of the July 2, 2021 declaration filed as Document 44 in case 1:20-cv-1343 describes an impasse the government and another target's counsel have reached on issues related to privilege. After months of discussions regarding this impasse and attempts to resolve it, the parties have reached an oral agreement and are in the process of reducing that agreement to writing. The impasse has had the effect of delaying investigators' access to significant amounts of evidence, thereby slowing the progress of the ongoing investigation. The government is hopeful that the agreement regarding the impasse can be reduced to writing and executed soon so that investigators can have access to the aforementioned pieces of evidence with the goal of expeditiously concluding the investigative phase of the case.

The expansion of the civil forfeiture stay provision to criminal investigations "would seem to recognize that the need for confidentiality is as great if not greater during the investigatory stage of a criminal proceeding when much of the activity of law enforcement and the Courts is conducted in a confidential setting." United States v. All Funds Deposited in Account No. 200008524845, 162 F.Supp.2d 1325, 1330 (D.Wyo. 2001). Specifically, in this case there are a number of witnesses cooperating with the investigation whose identities have not yet been revealed to the targets or generally. See, e.g., United States v. All Funds on Deposit in

<u>Suntrust Account Number XXXXXXXXX8359</u>, 456 F.Supp.2d 64, 64-65 (D.D.C. 2006) (stay must be granted where claimant's discovery requests could compromise existing confidential informants and/or interfere with the government's ability to obtain confidential information from others, or if it would burden the law enforcement officials conducted the related investigation); <u>United States v. All Funds on Deposit in Business Marketing Account</u>, 319 F.Supp.2d 290, 294 (E.D.N.Y. 2004) (once the Court is satisfied that routine civil discovery would compromise the identities of confidential informants, stay of the civil case is mandatory under 18 U.S.C. § 981(g)). As noted in the government's second status report in case 1:20-cv-1343, many of the same concerns that prompted the government to request a stay in that case, as well as this closely related case, continue to hold true.[1]

II. <u>Claimant's Request</u>

Section 981(g)(2) provides the authority for a stay upon the motion of a claimant. That code section provides for a stay where the Court determines that:

> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2).

---

[1] The Court will recall entering an order on May 10, 2021 amending the interlocutory sale order (Document 15). By way of an update, the parties can report that the sale of the real property at 35 Queensland Lane North closed on June 4, 2021 pursuant to the amended interlocutory sale order. On June 7, 2021, the agreed-upon net sale proceeds of $1,400,000 was deposited into a suspense account with the Marshals Service, which sum remains the subject of this forfeiture suit. <u>See</u> Supplemental Rule G(7)(b)(iv) ("Sale proceeds are a substitute res...").

Claimant Casey Kirschner acknowledges that he is the subject of a criminal investigation being carried out by the Federal Bureau of Investigation in the Alexandria Division of the Eastern District of Virginia. Even prior to the filing of the civil complaint in this case, Mr. Kirschner had already retained criminal defense counsel in anticipation of the aforementioned criminal investigation. Presently, Mr. Kirschner is represented by the Public Defender with respect to the ongoing criminal investigation. Mr. Kirschner has filed a claim in this case and his name is on the title to the defendant real property with no indication that he is a mere nominee. See United States v. Phillips, 883 F.3d 399, 404 (4th Cir. 2018) (claimant need only have a colorable ownership or possessory interest to establish standing; claimant not obligated to prove ownership); United States v. 14280 NW Tradewinds Street, No. 00-1506, 2001 WL 34050118, at *2 (D.Or. May 17, 2001) (criminal defendant, upon filing a claim, had standing to file a motion to stay civil forfeiture proceedings even though he did not file an answer in the civil case). Finally, the government will call on Mr. Kirschner to produce discovery, to include documents and deposition testimony, in this civil forfeiture case. Producing that discovery will burden Mr. Kirschner's Fifth Amendment right against self-incrimination. One Assortment of 73 Firearms, 352 F.Supp.2d at 4 (target of related criminal case who has standing to contest civil forfeiture entitled to stay; continuation of the civil forfeiture case would burden his right against self-incrimination). Mr. Kirschner previously joined the government in filing a motion to stay in closely related case no. 1:20-cv-1343. Mr. Kirschner plans on joining the government in a motion to renew that stay in the near future.

III. Conclusion

Based on the foregoing, the parties respectfully request that the Court enter an order staying this civil forfeiture case for an additional period of six months from the date of the

Court's stay order. The parties waive any hearing on this motion and agree that the matter may be decided on the pleadings.

>Respectfully submitted,
>
>RAJ PAREKH
>ACTING UNITED STATES ATTORNEY

By:    /s/ Kevin Hudson
>Kevin Hudson
>Assistant United States Attorney
>Attorney for the United States
>721 Lakefront Commons, Suite 300
>Newport News, VA 23606
>Office Number: (757) 591-4000
>Facsimile Number: (757) 591-0866
>Email Address: kevin.hudson@usdoj.gov

>CASEY KIRSCHNER
>CLAIMANT

By: *[signature]*
>Casey Kirschner, Pro Se

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of September 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of the filing (NEF) to all counsel of record. I have also mailed a true copy of this motion to the following:

Casey Kirschner
635 Alvarado Lane North
Plymouth, MN 55447

By:     /s/ Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Virginia State Bar No. 81420
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: kevin.hudson@usdoj.gov